UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: 0:22-cv-60974-RS

GREEN TREE SERVICING LLC,
    Plaintiff,

vs.

MARC WEINBERGER, et. al.
    Defendant.
_____/

**PLAINTIFF'S MOTION TO REMAND TO STATE COURT**

    Plaintiff, GREEN TREE SERVICING LLC, by and through undersigned counsel, hereby files this Motion to Remand to State Court, and states:

**Introduction**

    1. On May 23, 2022, Defendant MARC WEINBERGER filed a Notice of Removal to this Court of Plaintiff's foreclosure action filed in Case No. CACE14004643 in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida. [DE 1].

    2. This case should be remanded to state court for lack of jurisdiction because there is neither federal question nor diversity jurisdiction—in fact there is no active foreclosure case as the final judgment was entered on January 29, 2019.

**Standard of Review**

    3. Federal courts are of limited jurisdiction. *See University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999). As such, they have subject matter jurisdiction to hear only those cases that have been authorized by Congress or by the United States Constitution. *See Kokkonen v. Guardian Life Ins. Co. of* Amer., 511 U.S. 375 (1994). A defendant may "remove a case to federal court only if the district court could have had jurisdiction over the

17-117366 - DaR

case had the case been brought there originally." *Whitt v. Sherman International Corp.,* 147 F.3d 1325, 1329 (11th Cir. 1998).

  4. Where a plaintiff objects to a defendant's removal, the burden of proof is on the defendant to prove by a preponderance of the evidence that the action was properly removed. *Forest v. Penn Treaty American Corp.,* 270 F.Supp.2d 1357, 1360 (M.D. Fla. 2003) (citing *Woods v. Firestone Tire & Rubber Co.,* 560 F.Supp. 588, 590 (S.D. Fla. 1983)). As removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly and doubts about jurisdiction should be resolved in favor of remand to state court. *See Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir. 1996); *see also Forest v. Penn Treaty American Corp.,* 270 F.Supp.2d 1357, 1361 (M.D. Fla. 2003) (citing *Klempner v. Northwestern Mutual Life Insurance Co.,* 196 F.Supp.2d 1233, 1237 (S.D. Fla. 2001)). Indeed, "[a] *presumption in favor* of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts." *Forest,* 270 F.Supp.2d at 1361.

  5. "A federal district court must remand to the state court any case that was removed improvidently or without the necessary jurisdiction." *Campos v. Sociedad Aeronautica de Medellin Consolidada, S.A.,* 882 F. Supp. 1056 (S.D. Fla. 1994) (citing *Glaziers, Glassworkers, etc. v. Florida Glass and Mirror,* 409 F. Supp. 225, 226 (M.D. Fla. 1976)). "Where there is any doubt concerning jurisdiction of the federal court on removal, the case should be remanded." *Id.* (citing *Woods v. Firestone Tire & Rubber Co.,* 560 F. Supp. 588, 590 (S.D. Fla. 1983); *see Shamrock Oil & Gas Corp. v. Sheets,* 313 US 100, 61 S. Ct. 868 (1941)) (The removal statute should be strictly construed against removal, in favor of remand.). Where the propriety of removal is in question, the burden of showing removal is proper is on the removing party. *See Torres v.*

*AIG Claims Services, Inc.,* 957 F. Supp. 1271 (S.D. Fla. 1997) (citing *Kirby v. OMI Corp.,* 655 F. Supp. 219, 220 (M.D. Fla. 1987)).

6. Indeed, the plaintiff is "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987); *see Merrell Dow,* 478 U.S. at 809 n. 6 ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."). In sum, if a plaintiff indeed has a viable state law claim, he may depend on it alone and thereby defeat attempts at removal. *See Caterpillar,* 482 U.S. at 386.

7. Here, a review of the Complaint reflects that the Plaintiff only sought foreclosure under state law. None of Plaintiff's claims required the application of any federal law. As Plaintiff's Complaint raised only state law questions, and its cause of action is created only by state law, there can be no federal question jurisdiction. Furthermore, there is no

### No Diversity Jurisdiction Because Defendant is a Citizen of Florida

8. Defendants also seek to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332 to support removal under 28 U.S.C. § 1441(c). [*See* DE 1 p.1]. Because Defendants acknowledge that they are citizens of Florida who were sued in Florida, they cannot remove the action to federal court under the diversity statute. [DE 5 p. 3 ¶10]. *See* 28 U.S.C. § 1441(b)(2); *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001) ("For removal under 28 U.S.C. § 1441 to be proper, no defendant can be a citizen of the state in which the action was brought."); *Wickwire v. Ethicon, Inc.*, No. 04-81058, 2004 WL 3111851, * 2 (S.D. Fla. Dec. 30, 2004) (Defendant, Florida citizen, barred from removing matter to federal court based on diversity jurisdiction); *Bank of New York Mellon Trust Co. v. Johnson*, 2010 WL 5426783, *3 (N.D. Fla. Nov. 24, 2010) (Defendants, Florida residents, were barred from removing mortgage foreclosure action filed against them in Florida state court).

9. In addition, the following citizens of Florida were likewise served with process as defendants in the state action: KAREN WEINBERGER A/K/A KAREN M. WEINBERGER; 12170 CWELT-2007; PHASE FIVE TOWNHOMES ASSOCIATION; and UNKNOWN TENANT(S). "When a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined [defendants] are citizens of the state in which the suit was filed." *Florence v. Crescent Resources*, LLC, 484 F.3d 1293, 1297 (11th Cir. 2007) (citing *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006)). Because these defendants are also citizens of the State of Florida, removal is barred.

WHEREFORE, Plaintiff respectfully requests that this Court remand the action to state court as neither federal question nor diversity jurisdiction exists.

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send an electronic notice to the authorized CM/ECF filers. I also certify that a copy of the foregoing has been sent by U.S. Mail to:

MARC WEINBERGER
12170 SW 51st Court
Fort Lauderdale, FL 33330

        ROBERTSON, ANSCHUTZ, SCHNEID, CRANE
        & PARTNERS, PLLC
        Attorney for Plaintiff
        6409 Congress Ave., Suite 100
        Boca Raton, FL 33487
        Telephone: 561-241-6901
        Facsimile: 561-997-6909
        Service Email: flmail@raslg.com &
        sbrown@raslg.com

        By: **/s/Scott Brown**
           Scott Brown, Esquire
           Florida Bar No. 88187
           Communication Email: sbrown@raslg.com