## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.: 22-cv-60974-RS

GREEN TREE SERVICING, LLC
    Plaintiff,

V.

MARC WEINBERGER, *et. al*
    Defendant. _____/

FILED BY _____ D.C.

JUL 2 6 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

### DEFENDANT MARC WEINBERGER'S RESPONSE IN OPPOSITION TO NON-PARTY IN INTREST, GREEN TREE SERVICING, LLC'S MOTION TO REMAND and BRIEF IN SUPPORT THEREOF

**COMES NOW** Defendant, Marc Weinberger whom hereby submits this, my Response in Opposition to Non-Party In Interest, Green Tree Servicing, LLC's Motion to Remand [ECF No. 19] and in support hereof states:

#### A. *Introduction*

According to its own filings, Non Party Green Tree is no longer the "real party in interest" in this matter, and therefore, does not have the necessary standing to request relief from this Court. In fact, joinder of the real party in interest, Ditech Financial, LLC is necessary and would thereafter, be the appropriate party, with the appropriate interest in this matter.

Federal Rule of Civil Procedure 17(a) requires all federal actions prosecuted in the name of the real party in interest. See Fed. R. Civ. P. 17(a). The purpose of that rule is to enable the defendant to avail himself of evidence and defenses that the defendant has against the real party in interest, and to assure him finality of the judgment, and that he will be protected against another suit brought by the actual real party in interest on the same matter." *Tennyson v. ASCAP*, 477 Fed. App'x 608, 610 (11th Cir. 2012). In *Airlines*

*Reporting Corp. v. S and N Travel, Inc.*, 58 F.3d 857, 862 (2d Cir. 1995), the Second Circuit held that it would not find the citizenship of a corporation to control when the corporation was merely acting as an agent representing the interests of others.  It stated that in such a case, the citizenship of the represented individuals controls for diversity purposes, as they are the real and substantial parties to the dispute."

Based on this precedent, it seems clear that Green Tree's citizenship does not control to determine diversity jurisdiction, but rather the Court should look to the citizenship of the real party in interest - Ditech.

Here, I the Defendant respectfully submit that under the current circumstances of this removed case, it would be manifestly erroneous for this Court to enter an order remanding this case, based on a non-party's motion for relief.  The real party in interest, Ditech Financials, LLC has failed to file a timely motion to remand.

**B.  *Background***

On March 5, 2014, an entity by the name of "Green Tree Servicing, LLC" ("Green Tree") filed this removed complaint against me, Marc Weinberger.

However, on February 14, 2017, Green Tree filed a motion in the 17th Judicial Circuit Court, in and for Broward County, Florida (the "State court") confirming that an entity by the name of "Ditech Financial, LLC" ("Ditech") is "now the real party in interest" by merger documents…"  A copy of non-party Green Tree's February 14, 2017 State court motion, in which Green Tree admits that Ditech is "now the real party in interest", is attached hereto as Exhibit A.

Moreover, according to the State of Florida, Division of Corporations' website, Green Tree has been "administratively dissolved" since at least, November 12, 2019. See Exhibit B, attached hereto.

Importantly, on March 7, 2017, an order was entered by the State court substituting non-party Green Tree's previous attorney, the Law Offices of Popkin & Rosaler, P.A., with Green Tree's current State court attorney, Phelan Hallinan Diamond & Jones, PLLC. However, this March 7, 2017 order substituting non-party Green Tree's attorney, is of no relevance here that is because **no** attorney has appeared in the State court, nor in this Court, on behalf of the real party in interest – Ditech Financial, LLC.

On May 23, 2022, I, a *pro se* litigant[1], removed the underlying state court case from the aforementioned State court, to this federal court because of, among other grounds, the previous parties' Green Tree [2] – a citizen of Arizona; and (Marc Weinberger – a citizen of Florida) diverse citizenship.   As such, this action is one in which this United States District Court, for the Southern District of Florida has subject matter jurisdiction.

Specifically, in my May 23, 2022 petition for removal, I clearly and unequivocally alleged that the previous Plaintiff, "Green Tree", was……and still is, a <u>citizen</u> of the State of Arizona"; and that I, the Defendant (Marc Weinberger) "was……and still is, a <u>citizen</u> of Florida" (emphasis added); (see ¶ 4 of the May 23, 2022 Removal Petition). [ECF No. 1].

---

[1] "A *pro se* litigant's pleadings must be construed more liberally than pleadings drafted by attorneys. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); see also *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) ("*pro se* pleadings are held to a less stringent standard than those pleadings drafted by attorneys and will, therefore, be liberally construed").

[2] Previous Plaintiff, Green Tree is a corporation organized and existing under the laws of the State of Arizona with its principle place of business in Arizona.  Thus, Green Tree is, or was, a citizen of Arizona for the purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

Nevertheless, on June 21, 2022, an entity that is NOT the real party in interest, Green Tree Servicing, LLC filed a motion to remand this case back to the State court. [ECF No. 3]. Respectfully however, the real party in interest, Ditech Financial, LLC has not yet appeared in this removal action – more importantly, the real party Ditech, has failed to timely filed a motion to remand this case back to the State court. Therefore, the entry of a remand order based on the record as it stands today, would be based on an *untimely* motion to remand and/or based on a perceived "procedural defects" – this, the Court should not do.

The sole ground for the non-party Green Tree's June 21, 2022 Motion to Remand is (according to Green Tree) "because the Defendant acknowledge that [they] are citizens of Florida who were sued in Florida, [they] cannot remove the action to federal court under the diversity statute". Thus, it appears that non-party Green Tree's June 21, 2022 motion to remand is based on what's customarily referred to as the "defendant forum rule" – that's when "a federal court lacks subject matter jurisdiction over a matter brought under 28 U.S.C. section 1332(a) if a defendant is a citizen of the state in which the action is brought".

Yes, it may be true that I, the Defendant Marc Weinberger is a citizen of the State of Florida and that the action was brought here in the state of Florida. However, the real party in interest, Ditech choose to waive all "non-jurisdictional" defects in this instant removal process by failing to raise such *procedural* arguments within 30 days of my filing of the May 23, 2022 notice of removal.

## **BRIEF IN SUPPORT OF MOTION TO VACATE**

*THE SUA SPONTE REMAND ORDER*

- *A Court Cannot Remand Sua Sponte*

for a *"Procedural Defect" – and Prior to a Timely Filed*
*Motion to Remand*

In *Whole Health Chiropractic & Wellness, Inc. v. Humana Medical Plan, Inc.*, the Eleventh Circuit Court of Appeals held that 28 U.S.C. § 1447(c) does not authorize any *sua sponte* remand order not based on subject matter jurisdiction - even if made within the thirty-day period. (Emphasis Added). Rather, the court must wait for the plaintiff to file a motion for remand. Here, the Plaintiff, HSBC never filed such a motion for remand.

Where a defect is procedural, remand *sua sponte* is erroneous. See *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough*, 365 F.3d 1244 (11th Cir. 2004). (A "court which has subject matter jurisdiction may not remand the case *sua sponte*.").

## I.    *28 U.S.C. § 1447(c)*

Pursuant to 28 U.S.C. 1447(c), a motion to remand the case based on any defect in the removal procedure, <u>must be made within 30 days after the filing of the notice of removal</u> under section 1446(a). Here, and pursuant to 28 U.S.C. 1447(c), any objections to defects in my May 23, 2022 removal procedures, were waived by the real party in interest, Ditech's failure to timely file a motion for remand within thirty days.

Section 1447(c) specifies two grounds for remanding a removed case: (1) lack of subject matter jurisdiction; or (2) procedural defect in the removal of the case. *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127-28, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995); *Florida Polk County*, 170 F.3d at 1083.

Clearly, Green Tree's June 21, 2022 motion to remand the case to state court is grounded on the perception that the "defendant-forum rule" was not met. However, as explained in more details below, the defendant-forum rule is merely a procedural defect that does not effect this Court's subject matter jurisdiction. In general, a procedural defect

is any technical substantive or procedural error which is not a challenge to lack of subject matter jurisdiction. *Wilson v. General Motors Corp.*, 888 F.2d 779, 781 n.1 (11th Cir. 1989).

Here, there is no disputing that the real party in interest, Ditech has failed to file a timely motion to remand and thus, has waived any and all objections to the May 23, 2022 removal procedure. In fact, Ditech, despite being properly noticed by the clerk of this Court, has never even appeared in this instant removal action.

As such, if the Court enters a remand order prior to Ditech's motion for same, such a remand order would not only be entered *sua sponte*, but it would be based upon a perceived defect in the removal procedure, and not based upon the Court's lack of subject matter jurisdiction as required by the statute. In this instant case, the jurisdictional issue is undisputed - this is because of the party's diverse citizenship and because of the fact that the controversy exceeds $75,000 dollars. [ECF. No 1]. Here, it would be abundantly clear, that any remand order entered in this present case, would be based on grounds other than those contained in § 1447(c).

II.     **Only 30 Days to Remand for Non-Jurisdictional Procedural Defects**

After I filed my May 23, 2022 notice of removal petition, Real Party, Ditech did absolutely nothing here in this court. Providing that 28 U.S.C. § 1447(c) allows a Plaintiff only thirty days to object to removal. Real Party Ditech has therefore waived any objections to the May 23, 2022 removal procedure. Admittedly, waiver is possible only if the "forum-defendant rule" is a non-jurisdictional defect in the removal procedure, which as explained below, it is.

6

### III. The "Forum-Defendant Rule" Is a Non-Jurisdictional Procedural Defect

Yes, it is true that the "forum-defendant rule," may prohibit removal in cases where there is an in-state resident defendant. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

However, the forum-defendant rule is not jurisdictional in nature. *See Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006) (finding that the forum-defendant rule is procedural; identifying that eight of nine circuits to have considered the issue have found the same); Also see *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1372 n. 4 (11th Cir. 1998) ("[R]emoval by the resident defendants is a procedural, and not a jurisdictional defect.").

Because the forum-defendant rule is a non-jurisdictional rule here in the Eleventh Circuit, it may be waived. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a).") (Emphasis added); *see also Lively*, 456 F.3d at 939. "A plaintiff may either waive the procedural defect stemming from a resident defendant's removal or may file a motion to remand within 30 days of removal." *Plombco Inc. v. TBC Retail Grp., Inc.*, No. 13-81026-CIV, 2013 WL 5863571, at *2 (S.D. Fla. Oct. 31, 2013) (citing cases finding the same).

Here, no one can dispute that the removal petition identifies me, the Defendant Marc Weinberger as a citizen of Florida and identifies the Real Party at the time, Green

Tree as a citizen of Arizona [ECF No.1]. Clearly, however, the Real Part at the time the case was removed to this Court, Ditech did not timely move to remand the case, or otherwise raise the issue of the defendant-forum rule. Thus, Ditech has waived this objection to removal, because it did not move for remand or otherwise bring the alleged defect in removal to the Court's attention within the thirty days provided by 28 U.S.C. § 1447(c) - in spite of the notices provided by Defendant and the clerk of this Court. Moreover, Ditech has failed to provide any explanation for its delay. Accordingly, the non-party Green Tree's motion to remand on the sole basis of the forum-defendant rule, should be denied.

This Court's interpretation of § 1441(b) should comport with the other eight [out of the nine] circuits courts that have addressed this issue. *See, e.g., Handelsman v. Bedford Vill. Assocs. Ltd. P'ship,* 213 F.3d 48, 50 n. 2 (2d Cir. 2000) (describing a violation of the forum defendant rule as a waivable "procedural defect"); *Hurley v. Motor Coach Indus. Inc.,* 222 F.3d 377, 380 (7th Cir. 2000) (holding that the forum defendant rule "is more a matter of removal procedure, and hence waivable, than a matter of jurisdiction"); *Blackburn v. United Parcel Serv., Inc.,* 179 F.3d 81, 90 n. 3 (3d Cir. 1999) (describing a § 1441(b) violation as a waivable removal defect); *Pacheco de Perez v. AT T Co.,* 139 F.3d 1368, 1372 n. 4 (11th Cir. 1998) (same); *In re Shell Oil Co.,* 932 F.2d 1518, 1523 (5th Cir. 1991) (same); *Farm Constr. Servs., Inc. v. Fudge,* 831 F.2d 18, 22 (1st Cir. 1987) (holding that a violation of the forum defendant rule did not strip the district court of its jurisdiction because it was a "technical" defect that had been waived); *Am. Oil Co. v. McMullin,* 433 F.2d 1091, 1095 (10th Cir. 1970) (describing a § 1441(b) violation as a waivable defect in removal proceedings); *Handley-Mack Co. v. Godchaux Sugar Co.,* 2

F.2d 435, 437 (6th Cir. 1924) (describing removal by a forum defendant as a "technical" violation); *but see Hurt v. Dow Chem. Co.,* 963 F.2d 1142, 1146 n. 1 (8th Cir. 1992) (holding that a violation of § 1441(b) is a non-waivable jurisdictional defect).

## **CONCLUSION**

Clearly, this Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1332, known as "diversity jurisdiction." Section 1332 confers subject matter jurisdiction upon district courts over civil actions between "citizens of different States" and for which the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a) (1). Here, it is undisputed that the Defendant has meet both of these jurisdictional requirements.

Respectfully however, the non-party Green Tree is asking this Court to exceed the grounds for remand contained in § 1447(c), as non-party Green Tree's June 16, 2022 motion to remand is clearly based on a non-jurisdictional defect in the removal procedure, and not on the Court's lack of subject matter jurisdiction. Moreover, a remand order would not within the bounds of § 1447(c) because it would be issued before the real party in interest, Ditech filed a timely motion to remand as provided in the statute. Reading §§ 1447(c) and (d) together, an order remanding on procedural grounds either upon an untimely motion or a *sua sponte* order is not authorized by § 1447(c).

**WHEREFORE**, I, the Defendant Marc Weinberger is hereby requesting that this Court deny Green Tree's motion to remand this case to the state Court from which it came, and for any further relief that the Court deems just.

Respectfully Submitted,

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by U.S. Mail to Plaintiff attorney, ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC at 6409 Congress Avenue, Suite 100, Boca Raton, Florida 33487 on this 26th day July, 2022.

Marc Weinberger
12170 SW 51th Court
Cooper City, Florida 33330

# Exhibit A

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY,
FLORIDA
CIVIL DIVISION
CASE NO.: CACE14004643

GREEN TREE SERVICING LLC
   Plaintiff,

vs.

12170 CWELT-2007, LLC, et al
   Defendants.                 /

## MOTION TO SUBSTITUTE PARTY PLAINTIFF AND AMEND CASE STYLE

COMES NOW, Plaintiff, GREEN TREE SERVICING LLC, by and through its undersigned counsel and pursuant to Rule 1.260(c) of Florida Rules of Civil Procedure, hereby moves this Court for an Order permitting substitution of Party Plaintiff and Amend Case Style and states as follows:

1. The Complaint was filed in this cause on or about March 5, 2014 naming GREEN TREE SERVICING LLC as the Plaintiff.

2. DITECH FINANCIAL, LLC is now the real party in interest by merger documents, attached as Exhibit "A".

    **WHEREFORE,** Plaintiff's Assignee, DITECH FINANCIAL, LLC, respectfully requests the Court grant this Motion to Substitute Party Plaintiff and Amend Case Style and substitute DITECH FINANCIAL, LLC in place of GREEN TREE SERVICING LLC as the proper Plaintiff in this action and amend case style to reflect the same.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion to Substitute

Party Plaintiff has been furnished via U.S. Mail and/or Email to all parties on the attached

Service List on February 14, 2017.

Phelan Hallinan Diamond & Jones, PLLC
Attorneys for Plaintiff
2727 West Cypress Creek Road
Ft. Lauderdale, FL 33309
Tel: 954-462-7000
Fax: 954-462-7001
Service by email: FL.Service@phelanhallinan.com

By: /s/ Heather J. Koch
     **Phelan Hallinan Diamond & Jones, PLLC**
     Heather J. Koch, Esq., Florida Bar No. 89107
     Emilio R. Lenzi, Esq., Florida Bar No. 0668273

# Exhibit "A"

M0300000 1888

_____
(Requestor's Name)

_____
(Address)

_____
(Address)

_____
(City/State/Zip/Phone #)

☐ PICK-UP    ☐ WAIT    ☐ MAIL

_____
(Business Entity Name)

_____
(Document Number)

Certified Copies _____    Certificates of Status _____

Special Instructions to Filing Officer:

Office Use Only



300276525583

08/31/15--01002--021   **25.00

RECEIVED
DEPARTMENT OF STATE
15 AUG 31 PM 1: 03
TO ACKNOWLEDGE
SUFFICIENCY OF FILING

FILED
15 AUG 31 PM 1: 37
SECRETARY OF STATE
TALLAHASSEE, FL

SEP 0 1 2015

S. YOUNG

**Wolters Kluwer**       2075 Centre Pointe Boulevard, Tallahassee, FL, 32308       850-205-8842

**GREEN TREE SERVICING LLC**                    M03000001888

Thank you!

FILED
15 AUG 31 PM 1: 37
SECRETARY OF STATE
TALLAHASSEE, FLORIDA

| | | |
|---|---|---|
| ( ) Profit | **(X) Amendment** LLC | ( ) Merger |
| ( ) Nonprofit | | |
| ( ) Foreign | ( ) Dissolution/Withdrawal | ( ) Mark |
| | ( ) Reinstatement | |
| ( ) Limited Partnership | ( ) Annual Report | ( ) Other |
| **(X) LLC** | ( ) Name Registration | |
| **Amendment** | ( ) Fictitious Name | ( ) UCC |
| ( ) Certified Copy | ( ) Photocopies | ( ) CUS |
| ( ) Call When Ready | ( ) Call If Problem | |
| (x) Walk In | ( ) Will Wait | (x) Pick Up |
| ( ) Mail Out | | |

Name                    8/28/2015              Order#:
Availability _____                            **9658220**
Document                      **ST**
Examiner _____                              Reff#: _____
Updater _____
Verifier _____
W.P. Verifier _____                         Amount: $ _____

**Wolters Kluwer**     2075 Centre Pointe Boulevard, Tallahassee, FL, 32308     850-205-8842

**GREEN TREE SERVICING LLC**          **M03000001888**

Thank you!

FILED
15 AUG 31 PM 1:37
SECRETARY OF STATE
TALLAHASSEE, FL

| | | |
|---|---|---|
| ( ) Profit | **(X ) Amendment** LLC | ( ) Merger |
| ( ) Nonprofit | | |
| ( ) Foreign | ( ) Dissolution/Withdrawal | ( ) Mark |
| | ( ) Reinstatement | |
| ( ) Limited Partnership | ( ) Annual Report | ( ) Other |
| **(X) LLC** | ( ) Name Registration | |
| **Amendment** | ( ) Fictitious Name | ( ) UCC |
| ( ) Certified Copy | ( ) Photocopies | ( ) CUS |
| ( ) Call When Ready | ( ) Call If Problem | |
| (x) Walk In | ( ) Will Wait | (x) Pick Up |
| ( ) Mail Out | | |

Name                        8/28/2015               Order#:
Availability _____                                **9658220**
Document                      **ST**
Examiner _____                                    Ref#: _____
Updater _____
Verifier _____
W.P. Verifier _____                               Amount: $ _____

# APPLICATION BY FOREIGN LIMITED LIABILITY COMPANY TO FILE AMENDMENT TO CERTIFICATE OF AUTHORITY TO TRANSACT BUSINESS IN FLORIDA

## SECTION I (1-4 must be completed)

1. Name of limited liability Company as it appears on the records of the Florida Department of State: Green Tree Servicing LLC

2. The Florida document number of this limited liability company is: M03000001888

3. Jurisdiction of its organization: Delaware

4. Date authorized to do business in Florida: 06/11/2003

## SECTION II (5-9 complete only the applicable changes)

5. New name of the limited liability company: Ditech Financial LLC
   (must contain "Limited Liability Company," "L.L.C.," or "LLC.")

(If name unavailable, enter alternate name adopted for the purpose of transacting business in Florida and attach a copy of the written consent of the managers or managing members adopting the alternate name. The alternate name must contain "Limited Liability Company," "L.L.C." or "LLC.")

6. If amending the registered agent and/or registered office address on our records, enter the name of the new registered agent and/or the new registered office address here:

Name of New Registered Agent: _____

New Registered Office Address: _____
                                    *Enter Florida Street Address*

_____ , **Florida** _____
         *City*                                      *Zip Code*

New Registered Agent's Signature, if changing Registered Agent:
*I hereby accept the appointment as registered agent and agree to act in this capacity. I further agree to comply with the provisions of all statutes relative to the proper and complete performance of my duties, and I am familiar with and accept the obligations of my position as registered agent as provided for in Chapter 605, F.S. Or, if this document is being filed to merely reflect a change in the registered office address, I hereby confirm that the limited liability company has been notified in writing of this change.*

_____
If Changing Registered Agent, Signature of New Registered Agent

7. If the amendment changes the jurisdiction of organization, indicate new jurisdiction:

_____

8. If the amendment changes person, title or capacity in accordance with 605.0902 (1)(e), indicate that change:

| Title/ Capacity | Name | Address | Type of Action |
|---|---|---|---|
| _____ | _____ | _____ | ☐ Add |
| | | _____ | ☐ Remove |
| _____ | _____ | _____ | ☐ Add |
| | | _____ | ☐ Remove |
| _____ | _____ | _____ | ☐ Add |
| | | _____ | ☐ Remove |
| _____ | _____ | _____ | ☐ Add |
| | | _____ | ☐ Remove |
| _____ | _____ | _____ | ☐ Add |
| | | _____ | ☐ Remove |

FILED 15 AUG 31 PH 1:37

9. Attached is a certificate, if required: no more than 90 days old, evidencing the aforementioned amendment(s), duly authenticated by the official having custody of records in the jurisdiction under the law of which this entity is organized.

_____
Signature of the authorized representative

Wanda Lamb-Lindow
_____
Typed or printed name of signee

**Filing Fee:  $25.00**

# Delaware

PAGE 1

## The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE CERTIFICATE OF MERGER, WHICH MERGES:

"DITECH MORTGAGE CORP", A CALIFORNIA CORPORATION,

"DT HOLDINGS LLC", A DELAWARE LIMITED LIABILITY COMPANY,

WITH AND INTO "GREEN TREE SERVICING LLC" UNDER THE NAME OF "DITECH FINANCIAL LLC", A LIMITED LIABILITY COMPANY ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF DELAWARE, WAS RECEIVED AND FILED IN THIS OFFICE THE THIRTEENTH DAY OF AUGUST A.D. 2015, AT 1:35 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID LIMITED LIABILITY COMPANY SHALL BE GOVERNED BY THE LAWS OF THE STATE OF DELAWARE.

AND I DO HEREBY FURTHER CERTIFY THAT THE EFFECTIVE DATE OF THE AFORESAID CERTIFICATE OF MERGER IS THE THIRTY-FIRST DAY OF AUGUST, A.D. 2015, AT 12:05 O'CLOCK A.M.

FILED

Jeffrey W. Bullock, Secretary of State

AUTHENTICATION: 2643975

DATE: 08-13-15

2458190   8330

151171564

You may verify this certificate online at corp.delaware.gov/authver.shtml

# SERVICE LIST
## CASE NO.: CACE14004643

Bruce Botsford PA
Attn: Bruce Botsford, Esq.
1615 SW 2nd Ave
Fort Lauderdale, FL 33315
service@botsfordlegal.com
paralegal@botsfordlegal.com
Attorney for Defendant 12170 CWELT-2007, LLC

Bruce Botsford PA
Attn: Bruce Botsford, Esq.
1615 SW 2nd Ave
Fort Lauderdale, FL 33315
service@botsfordlegal.com
paralegal@botsfordlegal.com
Attorney for Defendant KAREN WEINBERGER A/K/A KAREN M. WEINBERGER

Bruce Botsford PA
Attn: Bruce Botsford, Esq.
1615 SW 2nd Ave
Fort Lauderdale, FL 33315
service@botsfordlegal.com
paralegal@botsfordlegal.com
Attorney for Defendant MARC WEINBERGER

PHASE FIVE TOWNHOMES ASSOCIATION, INC.
C/O DELTA MANAGEMENT SOLUTIONS, INC., as Registered Agent
7300 W. MCNAB RD, # 220
TAMARAC, FL 33321

LAW OFFICES OF POPKIN & ROSALER, P.A.
1701 West Hillsboro Boulevard, Suite 400
Deerfield Beach, FL 33442-1572
E-Service Email: pleadings@popkinrosaler.com


*************************************
PHELAN HALLINAN DIAMOND & JONES, PLLC
2727 West Cypress Creek Road
Ft. Lauderdale, FL 33309
Service by Email: FL.Service@PhelanHallinan.com
[BNB@954-462-7001]


PH # 80186
02/14/2017 at 1:03 PM

Mailing List

# Exhibit B

FLORIDA DEPARTMENT *of* STATE                                          DIVISION OF CORPORATIONS



Department of State  /  Division of Corporations  /  Search Records  /  Search by Entity Name  /

# Detail by Entity Name

Florida Limited Liability Company
GREEN TREE SERVICING LLC

**Filing Information**

| | |
|---|---|
| **Document Number** | L19000282438 |
| **FEI/EIN Number** | APPLIED FOR |
| **Date Filed** | 11/13/2019 |
| **Effective Date** | 11/12/2019 |
| **State** | FL |
| **Status** | INACTIVE |
| **Last Event** | ADMIN DISSOLUTION FOR ANNUAL REPORT |
| **Event Date Filed** | 09/24/2021 |
| **Event Effective Date** | NONE |

**Principal Address**

216 SHADOW WAY
MIAMI SPRINGS, FL 33166 UN

**Mailing Address**

216 SHADOW WAY
MIAMI SPRINGS, FL 33166 UN

**Registered Agent Name & Address**

MCLEAN, VIRGINIA
216 SHADOW WAY
MIAMI SPRINGS, FL 33166

**Authorized Person(s) Detail**

**Name & Address**

Title P

MCLEAN, VIRGINIA
216 SHADOW WAY
MIAMI SPRINGS, FL 33166

**Annual Reports**

| Report Year | Filed Date |
|---|---|
| 2020 | 06/29/2020 |