UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-60974-RS

GREEN TREE SERVICING LLC,

    Plaintiff,

v.

MARC WEINBERGER, *et al.*,

    Defendants.

_____/

### ORDER REMANDING CASE TO STATE COURT

    This matter is before the Court on Plaintiff's Motion to Remand to State Court [DE 3] and Defendant's Response in Opposition [DE 6]. For the reasons set forth below, Plaintiff's Motion is granted.

    Federal courts are courts of limited jurisdiction and must inquire into their jurisdiction at the earliest possible point in the proceedings. *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279-80 (11th Cir. 2001). A party removing a case to federal court bears the burden of establishing the court's jurisdiction. *Life of the S. Ins. Co. v. Carzell*, 851 F.3d 1341, 1344 (11th Cir. 2017) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994) ("The defendant can remove to federal court if he can show, by a preponderance of the evidence, facts supporting jurisdiction.")). The removal statute provides that any civil action brought in state court may be removed to federal court by the defendant so long as the federal court has jurisdiction to hear the matter. 28 U.S.C. § 1441(a). Assuming the federal court has jurisdiction, Defendant must file a notice of removal within thirty days of service of the initial pleading. 28 U.S.C. § 1446(b)(1).

Case 0:22-cv-60974-RS   Document 7   Entered on FLSD Docket 08/08/2022   Page 2 of 3

In this case, Plaintiff Green Tree Servicing LLC first brought suit on March 5, 2014 in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida against a group of individuals and business entities led by Defendant Marc Weinberger. (Compl. [DE 1-02]). On May 23, 2022, over eight years after service of the initial complaint in the Florida state court, Defendant Marc Weinberger filed a Notice of Removal invoking this Court's diversity jurisdiction to argue that removal is proper under § 1441(a). (Notice of Removal para. 3 [DE 1]). District courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Defendant alleges in his Notice of Removal that the amount in controversy exceeds $75,000, (Notice of Removal para. 1 [DE 1]), and that Plaintiff is an Arizona corporation while Defendant is a citizen of Florida. (Notice of Removal para. 4 [DE 1]).

Upon review of the record, this case must be remanded for two reasons: because removal is untimely; and because Defendant Marc Weinberger is a citizen of the forum state from which he seeks removal. First, removal is patently untimely as Defendant first sought to remove the case years after being served with the complaint in state court, well past the thirty-day requirement of the statute. § 1446(b)(1). Second, because Defendant Marc Weinberger is a Florida citizen, and because the action originates in Florida state court, Defendant cannot remove the action due to the prohibition in the statute against removal from a defendant's home-state forum. § 1441(a)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); *see also Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001) ("For removal under 28 U.S.C. § 1441 to be proper, no defendant can be a citizen of the state in which the action was brought."). Because

Defendant Marc Weinberger is a citizen of the state in which the action was brought, his notice of removal is improper, and this case must be remanded.

For the foregoing reasons, removal is improper and Plaintiff's Motion mut be granted. Accordingly, it is hereby,

**ORDERED** that:

1. Plaintiff's Motion to Remand to State Court [DE 3] is **GRANTED.**

2. This case is **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

3. All pending motions not otherwise ruled upon are **DENIED as moot**.

4. This case is **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 8th day of August, 2022.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc: All counsel of record