UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 22-cv-60974-RS

GREEN TREE SERVICING, LLC
    Plaintiff,

V.

MARC WEINBERGER, *et. al*
_____Defendant._____/



FILED BY NA D.C.

AUG 1 7 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER OF REMAND AND BRIEF IN SUPPORT THEREOF

**COMES NOW** Defendant, Marc Weinberger and pursuant to Fed. R. Civ. 59 respectfully submits this, my Motion for Reconsideration of this Court's August 8, 2022 Remand Order [DE 7] and in support hereof states:

### A. *Introduction*

Reconsideration is appropriate in this case to correct a manifest error of law and to prevent manifest injustice. See *Peress v. Wand*, 597 F.Supp.2d 1320 (S.D. Fla. 2008) (proper grounds for reconsideration include the correction of a manifest error of law and to prevent injustice). *Burger King Corp. v. Ashland Equities, Inc.* 181 F.Supp.2d 1366 (S.D. Fla. 2002) (proper grounds for reconsideration include the correction of a manifest error of law and to prevent injustice).

Here, I respectfully submit that the Court's August 8, 2022 order of remand ("remand order"), was manifestly erroneous in that the district court cannot enter a *sua sponte* remand order based on perceived "procedural, non-jurisdictional" defects in the removal process – such a remand order would be unjust, and is manifestly contrary to law.

### B. *Background*

1

On May 23, 2022, I, a *pro se* litigant[1], removed the underlying state court case from the 17th Judicial Circuit Court, in and for Broward County, Florida to this federal court because of, among other grounds, the previous party Green Tree Servicing, LLC ("Green Tree) and Defendant Marc Weinberger's diverse citizenship. [DE 1]. However, in response to non-party Green Tree's June 21, 2022 inappropriate motion to remand [DE 3], Defendant discovered that, as of February 14, 2017, an entity by the name of "Ditech Financial, LLC" ("DITECH"), is actually the "Plaintiff" in this matter. [DE 6] Moreover, the previous Plaintiff Green Tree no longer exist as a company here in Florida, and for that reason alone, has no standing to appear in this federal removal action. [*See DE 6*]

On August 8, 2022, the Honorable Judge Rodney Smith entered an order remanding this case back to the state court from which it came. [*See DE 7*]. Respectfully however, the Court's remand order is erroneous as it was entered *sua sponte*, as Plaintiff DITECH never filed a motion in this Court to remand this case back to the state court. Notwithstanding, the Court's August 8, 2022 remand order is based on a perceived "procedural defects" – respectfully, this the Court should not do.

In its August 8, 2022 *sua sponte* order of remand, it appears that the Court remanded the case back because of two non-jurisdictional reasons: 1) "because removal is untimely; and 2) because Defendant Marc Weinberger is a citizen of the forum state from which he seeks removal". (Emphasis added).

In sum, it appears that the Court's August 8, 2022 remand order is based on "untimeliness" and what's customarily referred to as the "defendant forum rule" – that's

---

[1] "A *pro se* litigant's pleadings must be construed more liberally than pleadings drafted by attorneys. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); see also *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) ("*pro se* pleadings are held to a less stringent standard than those pleadings drafted by attorneys and will, therefore, be liberally construed").

when "a federal court lacks subject matter jurisdiction over a matter brought under 28 U.S.C. section 1332(a) if a defendant is a citizen of the state in which the action is brought".

Yes, it may be true that I, the Defendant Marc Weinberger is a citizen of the State of Florida and that the action was brought here in the state of Florida. Likewise, Defendant does not dispute that the removal petition may have been filed untimely.

However, and as explained below, Plaintiff DITECH choose to waive all "non-jurisdictional" defects, including those such as "untimeliness" and the "defendant forum rule", by failing to raise such *procedural* arguments within 30 days of my filing of the May 23, 2022 notice of removal.

### BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION

- *A Court Cannot Remand Sua Sponte for a "Procedural Defect" – and Prior to a Timely Filed Motion to Remand*

In *Whole Health Chiropractic & Wellness, Inc. v. Humana Medical Plan, Inc.*, the Eleventh Circuit Court of Appeals held that 28 U.S.C. § 1447(c) does not authorize any *sua sponte* remand order not based on subject matter jurisdiction - even if made within the thirty-day period. (Emphasis Added). Rather, the court must wait for the plaintiff to file a motion for remand. Here, the Plaintiff, DITECH never filed such a motion for remand.

Where a defect is procedural, remand *sua sponte* is erroneous. See *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough,* 365 F.3d 1244 (11th Cir. 2004). (A "court which has subject matter jurisdiction may not remand the case *sua sponte*.").

### I.    *28 U.S.C. § 1447(c)*

Pursuant to 28 U.S.C. 1447(c), a motion to remand the case based on any defect in the removal procedure, <u>must be made within 30 days after the filing of the notice of</u>

removal under section 1446(a).   Here, and pursuant to 28 U.S.C. 1447(c), any objections to defects in the May 23, 2022 removal procedures, were waived by Plaintiff, DITECH's failure to timely file a motion for remand within thirty days.

Section 1447(c) specifies two grounds for remanding a removed case: (1) lack of subject matter jurisdiction; or (2) procedural defect in the removal of the case. *Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 127-28, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995); *Florida Polk County,* 170 F.3d at 1083.

Clearly, this Court's August 8, 2022 order, remanded the case to state court because of the perception that the removal was untimely and that the defendant-forum rule was not met.   However, both untimeliness and the defendant-forum rule are merely procedural defects that does not effect this Court's subject matter jurisdiction.   In general, a procedural defect is any technical substantive or procedural error, which is not a challenge to lack of subject matter jurisdiction. *Wilson v. General Motors Corp.*, 888 F.2d 779, 781 n.1 (11th Cir. 1989).

Here, there is no disputing that the Plaintiff DITECH has failed to file a timely motion to remand and thus, has waived all objections to the May 23, 2022 removal procedure.   In fact, Plaintiff DITECH, despite it, or its predecessor being properly noticed by the clerk of this Court (and of the state Court), has never even appeared in this instant removal action.

Nevertheless, the Court's August 8, 2022 remand order was not only entered *sua sponte*, but also was based upon a perceived defect in the removal procedure, and not based upon the Court's lack of subject matter jurisdiction as required by the statute.   In this instant case, the jurisdictional issue is undisputed - this is because of the party's diverse citizenship

4

and because of the fact that the controversy exceeds $75,000 dollars. [ECF. No 1]. It is abundantly clear, that here in this present case, the Court relied on grounds other than those contained in § 1447(c).

### II.      Only 30 Days to Remand for Non-Jurisdictional Procedural Defects

After I filed my May 23, 2022 notice of removal petition, Plaintiff, DITECH did absolutely nothing here in this court. Providing that 28 U.S.C. § 1447(c) allows a Plaintiffs only thirty (30) days to object to removal, Plaintiff DITECH has therefore waived any objections to the May 23, 2022 removal procedure. Admittedly, waiver is possible only if the "forum-defendant rule" and "untimeliness" are non-jurisdictional defects in the removal procedure, which as explained below, it is.

### III.      The "Forum-Defendant Rule" Is a Non-Jurisdictional Procedural Defect

Yes, it is true that the "forum-defendant rule," may prohibit removal in cases where there is an in-state resident defendant. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

However, the forum-defendant rule is not jurisdictional in nature. *See Lively v. Wild Oats Markets*, *Inc.*, 456 F.3d 933, 940 (9th Cir. 2006) (finding that the forum-defendant rule is procedural; identifying that eight of nine circuits to have considered the issue have found the same); *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1372 n. 4 (11th Cir.

1998) ("[R]emoval by the resident defendants is a procedural, and not a jurisdictional defect.").

Because the forum-defendant rule is a non-jurisdictional rule here in the Eleventh Circuit, it may be waived. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a).") (Emphasis added); *see also Lively*, 456 F.3d at 939. "A plaintiff may either waive the procedural defect stemming from a resident defendant's removal or may file a motion to remand within 30 days of removal." *Plombco Inc*. *v*. *TBC Retail Grp*., *Inc*., No. 13-81026-CIV, 2013 WL 5863571, at *2 (S.D. Fla. Oct. 31, 2013) (citing cases finding the same).

### *Untimely Removal is a "Procedural" Rather than a "Jurisdictional" Defect*

Respectfully, the portion of the Court's August 8, 2022 *sua sponte* order (based on "untimeliness"), is also erroneous. This is true because the *sua sponte* order is based on "procedural defects", i.e. *un-timeliness* of the removal petition. 28 U.S.C. 1447(c); also See, e.g., *Maniar v. FDIC*, 979 F.2d 782, 784-85 (9th Cir.1992) ("We hold that untimely removal is a procedural defect and not jurisdictional."); *Barnes v. Westinghouse Elec. Corp.*, 962 F.2d 513, 516 (5th Cir.) (holding one-year time limit on removal is "procedural"), cert. denied, 506 U.S. 999, 113 S.Ct. 600, 121 L.Ed.2d 536 (1992).

Clearly, the un-timeliness of a removal is a procedural, instead of a jurisdictional, defect. Also see our Supreme Court's ruling in *Things Remembered v. Petrarca*, 516 U.S. 124, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995), which affirmed a court of appeals' holding that it lacked jurisdiction to review a remand based upon untimely removal grounds.

Moreover, since Plaintiff DITECH failed to file a motion to remand, any allegations here of an untimely removal by me, the Defendant, has by all means – been waived, because Plaintiff DITECH choose not to file a motion to remand within 30 days of the May 23, 2022 removal petition. See *McKinnon v. Blue Cross-Blue Shield of Alabama*, 691 F.Supp. 1314 (N.D. Ala. 1988), aff'd by, 874 F.2d 820 (11th Cir. 1989). See *Quentin F. Urquhart, Jr.*, Waiver of Defects in Removal Jurisdiction: Another Path to Federal Court, For the Defense 2 (Dec. 1992).

Clearly, Plaintiff DITECH did not timely move to remand the case, or otherwise raise the issue of the defendant-forum rule. Thus, Plaintiff DITECH has waived this objection to removal, because it did not move for remand or otherwise bring the alleged defect in removal to the Court's attention within the thirty days provided by 28 U.S.C. § 1447(c).

Moreover, Plaintiff DITECH has failed to provide any explanation for its delay. Accordingly, the Court's *sua sponte* remand order based on untimeliness and the forum-defendant rule should be reconsidered and vacated.

This Court's interpretation of § 1441(b) should comport with the other eight [out of the nine] circuits courts that have addressed this issue. *See, e.g., Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 50 n. 2 (2d Cir. 2000) (describing a violation of the forum defendant rule as a waivable "procedural defect"); *Hurley v. Motor Coach Indus. Inc.*, 222 F.3d 377, 380 (7th Cir. 2000) (holding that the forum defendant rule "is more a matter of removal procedure, and hence waivable, than a matter of jurisdiction"); *Blackburn v. United Parcel Serv., Inc.*, 179 F.3d 81, 90 n. 3 (3d Cir. 1999) (describing a § 1441(b) violation as a waivable removal defect); *Pacheco de Perez v. AT T*

7

*Co.,* 139 F.3d 1368, 1372 n. 4 (11th Cir. 1998) (same); *In re Shell Oil Co.,* 932 F.2d 1518, 1523 (5th Cir. 1991) (same); *Farm Constr. Servs., Inc. v. Fudge,* 831 F.2d 18, 22 (1st Cir. 1987) (holding that a violation of the forum defendant rule did not strip the district court of its jurisdiction because it was a "technical" defect that had been waived); *Am. Oil Co. v. McMullin,* 433 F.2d 1091, 1095 (10th Cir. 1970) (describing a § 1441(b) violation as a waivable defect in removal proceedings); *Handley-Mack Co. v. Godchaux Sugar Co.,* 2 F.2d 435, 437 (6th Cir. 1924) (describing removal by a forum defendant as a "technical" violation); *but see Hurt v. Dow Chem. Co.,* 963 F.2d 1142, 1146 n. 1 (8th Cir. 1992) (holding that a violation of § 1441(b) is a non-waivable jurisdictional defect).

## CONCLUSION

Clearly, this Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1332, known as "diversity jurisdiction." Section 1332 confers subject matter jurisdiction upon district courts over civil actions between "citizens of different States" and for which the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a) (1). Here, it is undisputed that the Defendant has meet both of these jurisdictional requirements.

Respectfully however, the Court has exceeded the grounds for remand contained in § 1447(c), as the August 8, 2022 remand order is clearly based on a non-jurisdictional defects in the removal procedure, and not on the Court's lack of subject matter jurisdiction. Moreover, the August 8, 2022 order is not within the bounds of § 1447(c) because it was issued before a timely motion to remand was filed by Plaintiff DITECH as provided in the statute. Reading §§ 1447(c) and (d) together, an order remanding on procedural grounds either upon an untimely motion or a *sua sponte* order is not authorized by § 1447(c).

In this instant case, the Court filed its *sua sponte* remand order on August 8, 2022, which is based solely on a perceived procedural defect in my May 23, 2022 removal process.  Respectfully, the Court acted outside of its statutory authority by remanding *sua sponte* for a procedural defect.

**WHEREFORE**, I, the Defendant Marc Weinberger is hereby requesting that this Court reconsider, and thereafter, vacate its August 17, 2022 order remanding this case to the state Court from which it came, and for any further relief that the Court deems just. Respectfully Submitted.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by U.S. Mail to non-party Green Tree Servicing, LLC's attorney, ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC at 6409 Congress Avenue, Suite 100, Boca Raton, Florida 33487 on this 17th day of August 2022.

Marc Weinberger
12170 SW 51th Court
Cooper City, Florida 33330